UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-865 PSG (AFMx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | James Shayler v. JP Morgan Chase Bank, National Association et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order DECLINING to exercise supplemental jurisdiction over Plaintiff's state law claim

    In this case, Plaintiff James Shayler ("Plaintiff") brings an ADA claim and a state law claim under the Unruh Civil Rights Act ("Unruh Act") against Defendant JP Morgan Chase Bank, National Association ("Defendant"). *See generally* Dkt. # 1, *Complaint*, ("*Compl.*"). On February 16, 2021, the Court issued an order to show cause as to why it should exercise supplemental jurisdiction over the state law claim. *See* Dkt. # 11, (*"OSC"*). The Court received Plaintiff's response on March 4, 2021. *See* Dkt. # 15, (*"OSC Resp."*). After considering Plaintiff's arguments in its OSC Response, the Court **DECLINES** to exercise supplemental jurisdiction over the state law claim.

I.     Background

    "In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *See Velez v. Il Fornaio (Am.) Corp.*, No. CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Under these requirements, the plaintiff must include in the complaint specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law also requires the plaintiff to verify the complaint; a complaint that is not verified is subject to a motion to strike. *Id.* § 425.50(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-865 PSG (AFMx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | James Shayler v. JP Morgan Chase Bank, National Association et al | | |

When California continued to experience large numbers of these actions, the state legislature imposed additional limitations on "high-frequency litigants." A "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

*Id.* § 425.55(b)(1). The definition of a high-frequency litigant also extends to attorneys. *Id.* § 425.55(b)(2).

In support of its imposition of additional limitations on high-frequency litigants, the California Legislature observed that "a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state" and that "these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation." *Id.* § 425.55(a)(2). In order to address these "special and unique circumstances," *id.* § 425.55(a)(3), California imposed a "high-frequency litigant fee," requiring high-frequency litigants to pay a $1,000 filing fee to file a complaint, in addition to the standard filing fees, Cal. Gov't Code § 70616.5. California also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether a high-frequency litigant filed the action, the number of construction-related accessibility claims that the high-frequency litigant has filed in the preceding twelve months, the high-frequency litigant's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent these restrictions simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when combined with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions in its state courts. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, constituting 3 percent of the civil actions filed. Filings of ADA cases increased from 928 (7 percent of civil cases) in 2014, the year before the imposition of the extra $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10 percent of civil cases) in 2016, the first full year of those requirements. The number and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-865 PSG (AFMx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | James Shayler v. JP Morgan Chase Bank, National Association et al | | |

percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants, reaching 1,670 (12 percent of civil cases) in 2017, 2,720 (18 percent of civil cases) in 2018, and 1,868 cases (24 percent of civil cases) in the first six months of 2019.

II.  Legal Standard

In an action over which a district court possesses original jurisdiction, it has "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has the discretion to decline to exercise supplemental jurisdiction if:

> i. the claim raises a novel or complex issue of State law,
>
> ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> iii. the district court has dismissed all claims over which it has original jurisdiction, or
>
> iv. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). The Supreme Court has explained that justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under any of the first three provisions" of 28 U.S.C. § 1367(c). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, when the district court declines supplemental jurisdiction under the fourth "exceptional circumstances" provision, it must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-865 PSG (AFMx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | James Shayler v. JP Morgan Chase Bank, National Association et al | | |

III.    Discussion

    Here, Plaintiff had filed more than ten complaints alleging an ADA construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint on January 29, 2021. *See* Dkt. # 15-2. Given these numbers, the Court finds that Plaintiff comfortably fits within the definition of a "high-frequency litigant."

    By enacting restrictions on the filing of construction-related accessibility claims, California sought to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing in federal court, Plaintiff has evaded these limits and sought a forum in which Plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify exercising the Court's discretion to decline supplemental jurisdiction over Plaintiff's state law claim in this action under 28 U.S.C. § 1367(c)(4).

    Consideration of the *Gibbs* factors—values of judicial economy, convenience, fairness, and comity—also supports declining to exercise supplemental jurisdiction over Plaintiff's state law claim under these circumstances. Given Plaintiff's attempt to use federal court as an "end-around" California's requirements, considerations of comity weigh in favor of declining supplemental jurisdiction. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). It is proper for federal courts to take actions to discourage forum-shopping. *See id.*; *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965). Although the Court recognizes that it would be more convenient and efficient to litigate the ADA claim and the state law claim in one suit, in the Court's view, these issues are not so dire to overcome "California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants." *See Schutza v. Alessio Leasing, Inc. (Alessio Leasing)*, No. CV 18-2154 LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019). The Court's decision not to countenance Plaintiff's attempt to circumvent the aims of the California Legislature hardly appears unfair to Plaintiff.

    Exercising the Court's discretion to decline supplemental jurisdiction does not deprive Plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed: the ADA claim remains pending in this Court. Whatever inefficiencies that the Court's decision to decline supplemental jurisdiction creates are problems that Plaintiff created when Plaintiff filed this action in federal court rather than state court. *See id.* ("Had [the plaintiff] brought this suit in state court, there would have been only one suit pending and he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-865 PSG (AFMx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | James Shayler v. JP Morgan Chase Bank, National Association et al | | |

would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees."). If Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. *See id.*

In conclusion, the Court finds that under these "exceptional circumstances," there are "compelling reasons" to warrant declining supplemental jurisdiction over Plaintiff's state law claim. As such, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim.

IV.  Conclusion

For the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claim. The Court therefore **DISMISSES** that claim without prejudice. *See* 28 U.S.C. §§ 1367(c)(2) & (c)(4).

**IT IS SO ORDERED.**